UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ABELARDO GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:20-CV-52 |
| | § | |
| WEBB COUNTY *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The United States Magistrate Judge has issued an Amended Report and Recommendation (the "Report"), which recommends that Defendant Ponce Trevino's motion to dismiss be granted in part and denied in part, and Defendant Webb County's motion to dismiss be granted in full (Dkt. No. 94 at 19). Having received the parties' objections and responses, the Report is now ripe for the Court's consideration (Dkt. Nos. 95, 98, 99, 102). After considering the pleadings, arguments, and applicable authorities, the Court concludes the Report should be **ADOPTED IN PART**.

**BACKGROUND**

**A. Factual Background**

At this stage, the Court accepts Plaintiff's well-pleaded facts as true. In 2017, Ivonne Gonzalez, petitioning on behalf of two minors, initiated a family law action against Plaintiff in state county court. *See In re MAG & ZAG,* No. 2017-FLI-1815-C3, Orig. Pet. (Co. Ct. at Law No. 2, Webb County, Tex. Sept. 27, 2017). In that proceeding, Plaintiff filed a third-party petition against Trevino, who was a deputy

sheriff at Webb County Jail. *See In re MAG,* 3d Party Pet. (Co. Ct. at Law No. 2, Webb County, Tex. Nov. 9, 2017). Because Trevino did not file an answer or make an appearance, the County Court entered default judgment against him (Dkt. No. 1-1 at 38). One month later, while Plaintiff was in the custody of the Texas Department of Criminal Justice ("TDCJ"), Plaintiff attempted to serve a seven-page letter and the default judgment on Trevino (Dkt. No. 70 at 2).

After Trevino received Plaintiff's papers, Trevino sent a retaliatory email to a TDCJ sergeant (*id.* at 2). The email falsely accused Plaintiff of sending cocaine, which prompted a meeting between Plaintiff and the sergeant (*id.* at 2–3). After the meeting, TDCJ guards ransacked and searched Plaintiff's cell over several days (*id.* at 3). Plaintiff then spoke with the sergeant a second time about Trevino's accusation (*id.*). In this second meeting, the sergeant informed Plaintiff that Trevino would not press charges, which the sergeant found "odd" (*id.*). Because the sergeant is known for investigating prison gang activity, other TDCJ inmates assumed Plaintiff's two encounters with him made him a "snitch" (*id.*). Multiple inmates began threatening Plaintiff, and one inmate instigated a physical altercation with him (*id.*).

On March 12, 2020, a TDCJ director informed Plaintiff that he was losing his privilege to transmit legal correspondence (*id.* at 3–4). These restrictions precluded Plaintiff from participating as a *pro se* litigant in legal proceedings (*id.*)

**B. Procedural History**

In 2020, Plaintiff filed an Original Petition in the 406th Judicial District Court of Webb County, Texas (Dkt. No. 1). The action was then removed to this Court, and a First Amended Complaint (Dkt. No. 70) superseded the Original Petition. The First

Amended Complaint asserts three causes of action: (1) a First Amendment retaliation claim against Trevino in his personal capacity, asserted through 42 U.S.C. § 1983, (2) a state law defamation claim against Trevino in his personal and official capacities, and (3) an unconstitutional policy claim against Webb County, asserted through § 1983 (*id.* at 5–7).[1]

After Trevino and Webb County filed their motions to dismiss, the Magistrate Judge issued his Report, which recommended that Trevino's motion to dismiss be granted in part and denied in part, and Webb County's motion to dismiss be granted in full (Dkt. Nos. 71, 72, 94). The parties then filed objections and responses (Dkt. Nos. 95, 98, 99, 102).

## LEGAL STANDARD

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)–(3). Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, the district judge need not consider frivolous, conclusory, or general objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds*, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

---

[1] It is unclear whether Plaintiff asserts his retaliation claim against Trevino in his personal capacity, official capacity, or both. Because Plaintiff's allegations under this claim emphasize Trevino's actions and motivations, the Court construes the pleading as asserting only a personal capacity suit (*see* Dkt. No. 70 at 5–6). This is because official capacity suits "generally represent only another way of pleading an action against an entity of which an official is an agent," and Plaintiff's allegations do not implicate Webb County. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citation omitted).

## ANALYSIS

### A. First Amendment Retaliation

To prevail on a retaliation claim under § 1983, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Hines v. Marshall*, No. 20-40444, 2021 WL 4515392, at *1 (5th Cir. Oct. 1, 2021) (citing *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999)). In his Report, the Magistrate Judge concluded Plaintiff had plausibly pled each element and recommended denying Trevino's motion as to this claim (Dkt. No. 94 at 11–12). Trevino, with almost no citations to legal authority, raises two untimely objections: (1) Plaintiff did not plausibly plead a retaliatory adverse act, and (2) Plaintiff failed to plead causation (Dkt. No. 98). Trevino's objections suffer from two problems.

First, other than listing the four elements of a retaliation claim and two cases to support this general statement, Trevino's objections fail to cite other meaningful case law or engage in any analogical reasoning to support his arguments (Dkt. No. 98 at 2–3). *See Garcia v. United States*, No. 5:19-cv-16, Dkt. No. 76 at 3 (S.D. Tex. Jan. 11, 2022) (noting an inadequately briefed issue is waived). Rather than explaining where the Magistrate Judge erred in his analysis using the Fifth Circuit's *de minimis* test for retaliation claims, Trevino offers only general and conclusory arguments (*compare* Dkt. No. 94 at 6, *with* Dkt. No. 98 at 2–3). *See Osorio v. United States*, No. 5:19-cv-154, Dkt. No. 36 at 7 (S.D. Tex. Nov. 12, 2021) (refusing to consider general and conclusory arguments that say nothing new).

Second, Trevino's objections were untimely. Because the Report was entered

on November 12, 2021, Trevino objections were due November 26, 2021 (Dkt. No. 94). Even though November 26, 2021 is the day after Thanksgiving—commonly known as Black Friday—it is neither a weekend nor a legal holiday. Therefore, harsh as it may seem, under the Federal Rules of Civil Procedure, Trevino's objections were due on that day. *See* Fed. R. Civ. P. 6(a)(1)(C), (2)(C), (6)(A)–(C); *see also Owens v. TransUnion LLC*, No. 4:20-cv-665, 2021 WL 4451891, at *1 n.1 (E.D. Tex. Sept. 29, 2021) (declining to consider untimely objections). Instead, Trevino filed his objections on November 29, 2021 without first filing a timely motion for leave and securing an extension from the Court. *See* J. Garcia Marmolejo Civ. Ct. P. 4(A) ("Motions for continuance must be filed at least three (3) business days prior to the date of the controlling deadline and will be granted only at the Court's discretion.") (emphasis removed). Trevino did not secure an extension, and the Court declines to grant leave *sua sponte*. *See State Farm Life Ins. Co. v. Bryant,* Nos. 3:18-cv-1628, 3:18-cv-1705, 2020 WL 2812866, at *5 (N.D. Tex. May 30, 2020) ("[M]ere inadvertence, ignorance, or misinterpretation of applicable rules does not constitute [good cause or] excusable neglect.").

For the aforementioned reasons, the Court will not consider Trevino's objections, and they are **OVERRULED**. Trevino's motion to dismiss Plaintiff's retaliation claim is **DENIED**.

### B. State Law Defamation

The Report recommends dismissing Plaintiff's defamation claim against Trevino, in both his individual and official capacities (Dkt. No. 94 at 16). Citing the Texas Tort Claims Act, the Report concludes Trevino enjoys governmental immunity

from this intentional tort (*see id.* at 12–16). Because neither Plaintiff nor Defendants filed objections to this recommendation, Plaintiff's defamation claim against Trevino in his official and individual capacities is **DISMISSED**.

### C. Unconstitutional Policy

Lastly, the Report recommends dismissing Plaintiff's unconstitutional policy claim against Webb County (Dkt. No. 94 at 19). The Court declines to adopt this recommendation.

Municipalities, including counties, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cnty.*, 543 F.3d 221, 224 (5th Cir. 2008). "A person may sue a municipality that violates his or her constitutional rights 'under color of any statute, ordinance, regulation, custom, or usage.'" *Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021) (citations omitted). To hold a municipality liable for implementing an unconstitutional policy, a plaintiff must show (1) a policymaker (2) promulgated a policy or custom (3) that was the "moving force" of a constitutional violation. *Blanchard-Daigle v. Geers*, 802 F. App'x 113, 116 (5th Cir. 2020) (citing *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978)).

A policymaker "must be one who takes the place of the governing body in a designated area of city [or county] administration." *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 246 (5th Cir. 2021) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)). While state statutes, ordinances, and regulations will often identify a policymaker as a matter of law, a subordinate can become a policymaker if that subordinate structures, designs, and sets goals for the delegated area, "subject only to the power of the governing body to control the finances and to

6

discharge or curtail the [delegated] authority [of the subordinate]." *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984); *Harris Cnty. v. Coats*, 607 S.W.3d 359, 374 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Additionally, "[t]here is a fundamental difference between decision makers and policymakers." *Martinez*, 846 F. App'x at 246. "[D]iscretion to exercise a particular function does not necessarily entail final policymaking authority over that function." *Bolton v. City of Dallas*, 541 F.3d 545, 549 (5th Cir. 2008) (per curiam).

Despite the complex body of case law on unconstitutional policy claims, the issue before the Court is a narrow and straightforward one: whether Plaintiff has plausibly pled that Trevino is a policymaker (*see* Dkt. No. 71 at 3–4; Dkt. No. 73 at 13–17). In its motion, Webb County argues the sheriff—not Trevino, a deputy sheriff—is the County's final policymaker (Dkt. No. 71 at 3–4). Plaintiff counters that Webb County prematurely raises this issue (Dkt. No. 73 at 13–17). According to Plaintiff, while a policymaker should be determined before submitting a case to the factfinder, at the pleading stage, Plaintiff is not actually required to identify a final policymaker at all, and dismissal is not proper on this basis (*id.* at 13–17). Plaintiff is correct.

In *Groden v. City of Dallas*, 826 F.3d 280 (5th Cir. 2016), the Fifth Circuit explained:

> [T]he Supreme Court has repeatedly emphasized that the identity of the policymaker is a question of law, not of fact—specifically, a question of state law. . . . [C]ourts should not grant motions to dismiss for failing to plead the specific identity of the policy maker. Thus, to survive a motion to dismiss, Groden needed only to plead facts—facts which establish that the challenged policy was promulgated or ratified by the city's policymaker. Groden's complaint did not need to supply an answer to the *legal* question of the specific identity of the city's policymaker under

the relevant statutory scheme.

*Id.* at 284–85 (internal citations omitted) (italics original); *see also Taylor v. Hartley*, 488 F. Supp. 3d 517, 538, 542 (S.D. Tex. 2020) ("[T]he question [at the motion to dismiss stage] is whether the amended complaint alleges sufficient facts to suggest that the sheriff or another authorized policymaker for Harris County ratified Hartley's actions. . . . Taylor needn't plead the specific identity of the policymaker[.]").

If failing to name a policymaker is not a basis for dismissal, it follows that actually naming a policymaker—even if the identification is ultimately erroneous—is not a basis for dismissal. *Cf. Mohamed ex rel. A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 616 (N.D. Tex. 2017) (noting a plaintiff can discover the actual policymaker after discovery commences). Because Webb County's motion raised this single argument—whether Trevino was a policymaker—the Magistrate Judge should have limited his evaluation to this argument, determined it was a red herring, and denied the motion. However, the Magistrate Judge took a different approach.

In his Report, the Magistrate Judge first determined, as a matter of Texas law, the sheriff was Webb County's policymaker with respect to jail operations (Dkt. No. 94 at 17–18). The Magistrate Judge did not consider Plaintiff's allegation that Trevino was delegated authority "with respect to any mail that was delivered to the Webb County [J]ail and any investigations related to such mail" (Dkt. No. 70 at 7). Nor did he consider whether Plaintiff should be afforded the benefit of discovery to verify this allegation. *Cf. Nuncio v. Webb Cnty.*, No. 5:20-cv-92, 2021 WL 4442518, at *5 (S.D. Tex. Sept. 28, 2021) ("[T]he Court is mindful that this matter is in its procedural infancy, and at such an early stage of litigation, Plaintiff is not required

8

to plead facts 'peculiarly within the knowledge of defendants,' as she has not had the benefit of discovery.").

After concluding the sheriff was Webb County's policymaker, the Magistrate Judge then concluded Plaintiff failed to allege sufficient facts to directly connect Webb County's sheriff to the alleged unconstitutional policy—the retaliatory act against Plaintiff (*id.*). This conclusion addresses the second and third elements of an unconstitutional policy claim—whether any policymaker took action that amounted to a policy or custom, and whether that policy or custom was the moving force behind a constitutional violation. *See Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018); *Taylor*, 488 F. Supp. 3d at 536. After the Magistrate Judge raised this point *sua sponte*, Plaintiff filed his objections and Webb County filed a response mirroring the Magistrate Judge's points (Dkt. Nos. 95, 99).

The Magistrate Judge's analysis on the second and third elements may ultimately be correct. However, the Court declines to examine alternative dismissal arguments on Webb County's behalf and evaluate their merits. When Webb County and its counsel prepared their motion to dismiss, it was their burden to identify potential grounds for dismissal, determine which ones were viable, and decide which arguments to submit as a matter of legal strategy. Here, Webb County chose to submit one argument. As the Court has explained, this single argument does not justify dismissal. The Court declines to question or strengthen Webb County's legal strategy by raising other, potentially viable, grounds for dismissal on its behalf and briefing them for Webb County's benefit.

The Court **DECLINES** to adopt this portion of the Magistrate Judge's Report

(Dkt. No. 94 at 16–19). Because this portion of the Report does not form a part of the Court's opinion, Plaintiff's objections (Dkt. No. 95) to this portion of the Report are **OVERRULED AS MOOT**. Webb County's motion to dismiss is **DENIED**, and Plaintiff's unconstitutional policy claim remains pending in the Court.

## CONCLUSION

For the foregoing reasons, Trevino and Plaintiff's objections (Dkt. Nos. 95, 98) are **OVERRULED**. The Magistrate Judge's Report (Dkt. No. 94) is **ADOPTED IN PART**, insofar that it is consistent with this Order. Trevino's motion to dismiss (Dkt. No. 72) is **GRANTED IN PART** and **DENIED IN PART**. Webb County's motion to dismiss (Dkt. No. 71) is **DENIED**.

Plaintiff's defamation claim against Trevino, in his personal and official capacities, is **DISMISSED WITH PREJUDICE**. Plaintiff's First Amendment retaliation claim against Trevino in his personal capacity and his unconstitutional policy claim against Webb County remain pending.

It is so **ORDERED**.

**SIGNED** January 21, 2022.

_____
Marina Garcia Marmolejo
United States District Judge